SUMMARY ORDER
Boris Shvartsman, the defendant here, was charged with conspiring with his wife to commit mail and wire fraud and with committing wire and mail fraud. His wife, Diana Diunov, had been charged under the same indictment, but on March 15, 2006, in advance of trial, she pleaded guilty. The government’s charges surrounded Shvarts-man’s and Diunov’s alleged efforts to defraud an Israeli diamond company of hundreds of thousands of dollars in diamonds. On April 3, 2006, the jury convicted Shvartsman on all counts. On October 18, *70 2007, the district court sentenced Shvarts-man to a term of 46 months of imprisonment followed by three years of supervised release, restitution in the amount of $756,033, and a $300 mandatory special assessment.
We assume the parties’ familiarity with the facts and procedural history of this case, and the issues presented on this appeal.
Shvartsman first argues that the disti'ict court erroneously curtailed his cross-examination of the victim of the fraud. “We review evidentiary rulings for abuse of discretion.” United States v. Kelley, 551 F.3d 171, 174 (2d Cir.2009). “The Confrontation Clause of the Sixth Amendment guarantees the right of an accused in a criminal prosecution ‘to be confronted with the witnesses against him.’” Delaware v. Van Arsdall, 475 U.S. 673, 678,106 S.Ct. 1431, 89 L.Ed.2d 674 (1986). Nonetheless, “trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on ... cross-examination based on concerns about, among other things, ... confusion of the issues, ... or interrogation that is repetitive or only marginally relevant.” Id. at 679,106 S.Ct. 1431. We will reverse a district court’s decision to restrict cross-examination only where a court abuses “broad discretion.” United States v. Crowley, 318 F.3d 401, 417 (2d Cir.), cert. denied, 540 U.S. 894, 124 S.Ct. 239, 157 L.Ed.2d 171 (2003); accord United States v. Rossomando, 144 F.3d 197, 203 n. 6 (2d Cir.1998).
Upon full review of the relevant portions of the trial transcript, we are satisfied that the district court did not abuse its broad discretion. The court never imposed any specific or oppressive time limits on Shvartsman’s counsel’s opportunity to cross-examine the relevant witness. Moreover, Shvartsman’s counsel neither objected to the district court’s procedure nor requested more time for cross-examination. And although the district court sustained many objections to many questions posed by Shvartsman’s counsel during the course of the cross-examination, the questions at issue were improper, or at least arguably so. A district court cannot be faulted for sustaining colorable objections. The record appears to demonstrate that the district court was attempting to ensure that the trial was running smoothly and efficiently. That hardly provides a basis for a new trial.
Shvartsman argues that the district court erred in excluding the testimony of a witness whom he had proffered. As noted, we review evidentiary rulings for abuse of discretion. As a general rule, irrelevant evidence is inadmissible, Fed. R. Evid. 402, and relevant evidence, although admissible, may be excluded by the district court “if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence,” Fed. R. Evid. 403. “A district court is obviously in the best position to do the balancing mandated by Rule 403” and “[w]e will second-guess a district court only if there is a clear showing that the court abused its discretion or acted arbitrarily or irrationally.” United States v. Salameh, 152 F.3d 88, 110 (2d Cir.1998), cert. denied, 526 U.S. 1028, 119 S.Ct. 1273, 1274, 143 L.Ed.2d 368 (1999)(internal quotation marks omitted). So long as the district court makes a “conscientious assessment of whether unfair prejudice substantially outweighs probative value,” we will affirm. Id. (internal quotation marks omitted).
Under these circumstances, we conclude that the district court acted well within its discretion to exclude the testimony, which *71 it concluded would be “simply diversionary” and “not relevant.” First, the witness was proffered to prove the existence of a person named Alex Gunin. But the issue at trial was not whether there existed a real person named “Oleg Gunin” a/k/a/ “Alex Gunin,” but whether Shvarts-man was part of his wife’s conspiracy to use a fictitious person, also by the name of “Alex Gunin,” to induce the victim to lend diamonds to them on credit. Second, Shvartsman proffered the witness to demonstrate his efforts to repay his debts to the victim. However, as this court has recognized,
where some immediate loss to the victim is contemplated by a defendant, the faet that the defendant believes (rightly or wrongly) that he will ‘ultimately’ be able to work things out so that the victim suffers no loss is no excuse for the real and immediate loss contemplated to result from defendant’s fraudulent conduct.
Rossomando, 144 F.3d at 201. As the district court noted in excluding the testimony at issue, the defense that “ T expected to get a lot of money on another deal and pay back the people I defrauded’ ” is “not a permitted defense.”
For these reasons, the court acted well within its discretion to exclude the proffered testimony. Accordingly, there is no basis on which to challenge the judgment of the district court.
For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.